Filed 10/7/24 P. v. Pena CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL ANGEL PEÑA,<br><br>    Defendant and Appellant. | 2d Crim. No. B334477<br>(Super. Ct. No. 2011032257)<br>(Ventura County) |

Rafael Angel Peña appeals the trial court's post-judgment order striking his Penal Code section 667.5, subdivision (b)[1] enhancement and resentencing him under section 1172.75. We appointed counsel to represent appellant on appeal. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*).

---

[1] All unmarked statutory references are to the Penal Code.

Appellant filed a supplemental brief, in propria persona. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In 2012, a jury convicted appellant of continuous sexual abuse of a child under the age of 14 (§ 288.5, subd. (a), count 1) and three counts of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a), counts 2, 3, & 4). The jury found a multiple victim allegation true. (§ 667.61, subd. (e)(4).) Appellant admitted serving a prior prison term. (§ 667.5, subd. (b).) The trial court sentenced him to 15 years to life on each count plus one year for the prior prison term, for an aggregate term of 60 years to life plus one year. We affirmed the conviction in a nonpublished opinion. (*People v. Peña* (Oct. 23, 2014, B246480) [nonpub. opn.].)

In 2022, following the passage of Senate Bill 483 (2021-2022 Sess.), which eliminated enhancements for prior prison terms, appellant's case was referred to the sentencing court by the Department of Corrections and Rehabilitation.

The court appointed counsel for appellant. He filed a resentencing petition requesting the court strike the one-year prior prison term enhancement and modify his sentence on counts 4 and 5 to run concurrently rather than consecutively. Appellant supported his petition with evidence of his good behavior while in custody, including academic achievements, as well as his current health and mobility issues, strong family support, and post-release plans for housing and employment. Prosecutors opposed any change in the sentence other than striking the one-year prior prison term enhancement.

The same judge who presided over appellant's original trial and sentencing heard the petition. The court considered all of

appellant's evidence, including mitigating factors. It struck the one-year prior prison term enhancement but otherwise denied the petition. It resentenced appellant to 60 years to life.

## DISCUSSION

Appellant is not entitled to our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738 [18 L.Ed. 2d 493], because he appeals an order regarding postconviction relief rather than his underlying criminal conviction. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) He is nevertheless entitled to our consideration of the contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)

Appellant's supplemental brief lacks any formal legal arguments and appears, primarily, to challenge a conviction he considers wrongful. He contends his defense attorney provided ineffective assistance by failing to present exculpatory evidence and to raise defenses based on lack of jurisdiction and the statute of limitations. He laments following his attorney's advice not to testify at trial. Appellant claims the sentencing court mistakenly stated he had four prior prison terms (he had three), that he was on parole when some of these crimes were committed, and that he had not yet paid any restitution. He describes his sentence as cruel and unusual punishment "on the grounds that I'm innocent." None of these claims provide a basis to reverse or remand the resentencing order.

Section 1172.75 authorizes the resentencing trial court to "consider postconviction factors, including . . . the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence [reflecting] whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that . . . circumstances have changed . . . so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

The trial court exercised its discretion properly here. It discussed and considered postconviction factors but "d[id] not find it is in the interest of justice or supported by the great weight of the evidence and aggravating factors" to sentence appellant to concurrent terms. We agree. Our independent review of the record confirms no arguable issues exist. (*Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

DISPOSITION

The trial court's post-judgment resentencing order is affirmed.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

GILBERT, P. J.

YEGAN, J.

4

Patricia Murphy, Judge
Superior Court County of Ventura

_____

Olivia Meme, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.